## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16-CV-00372-JHM

PATRICIA A. KARSNER                                      PLAINTIFF

V.

CITY OF RADCLIFF, ET AL                                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Warren Tooley's Motion to Dismiss. Fully briefed, this matter is ripe for decision. For the reasons stated below, the Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff Patricia A. Karsner and Defendant Tooley have two children together and have never married. On September 21, 2015, the Jefferson Circuit Court, Family Division 10 issued an order granting immediate custody to Tooley and ordering Karsner to have no contact with the children. [DN 11-1, at 10–11]. Armed with the custody order, Tooley went to Karsner's home to get his children. The children refused to go with him and then ran away. Tooley then filed a criminal complaint against Karsner, alleging she feloniously interfered with his custody of the children in violation of KRS 509.070. [DN 11-1, at 8]. On September 23, police officers from the City of Radcliff arrived at Karsner's home and arrested her on the charge of custodial interference.

Karsner filed this complaint on June 14, 2016, making numerous claims against the City of Radcliff, the Radcliff Police Department, and the two arresting officers, alleging excessive force was used while performing the arrest. [DN 1]. Karsner also asserts claims of malicious

prosecution and abuse of process against the same defendants, as well as against Tooley for bringing the criminal complaint against her. Tooley moved this court to dismiss the two claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1] [DN 10].

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id*., and determine whether the "complaint . . . states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id*. at 678–79. Instead, a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 677 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

---

[1] Tooley also filed an answer to Karsner's complaint [DN 12] and acknowledges that this Court may treat his Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings. However, "[t]he standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, the Court will discuss the motion in the context of Rule 12(b)(6).

not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Karsner has made two claims against Tooley. First, she alleges that he is liable under the Kentucky common law tort of malicious prosecution for his filing of a criminal complaint against her for custodial interference. [DN 1, at 8]. Second, she alleges that he is liable under the Kentucky common law tort of abuse of process based upon the same conduct as that in the malicious prosecution claim. [DN 1, at 10]. However, Karsner has failed to plead sufficient factual content in relation to at least one essential element of each tort. Therefore, the Court grants Tooley's motion as to both claims.

### A. MALICIOUS PROSECUTION

While the seminal case in Kentucky regarding the tort of malicious prosecution has long been *Raine v. Drasin*, 621 S.W.2d 895 (Ky. 1981), the Supreme Court of Kentucky has recently refined the basic elements of the tort in *Martin v. O'Daniel*, --- S.W.3d ---, 2016 WL 5244518 (Ky. Sep. 22, 2016). Thus, the necessary elements for a claim of malicious prosecution are now

> 1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
> 2) the defendant acted without probable cause;
> 3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
> 4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
> 5) the plaintiff suffered damages as a result of the proceeding.

*Id.* at *8. With respect to the fourth element, Karsner has failed to plead any facts demonstrating that the proceeding at issue in this case, the criminal case in which she has been charged with

custodial interference, has been terminated in her favor. Under the standard for a 12(b)(6) motion to dismiss, the plaintiff's claim can only survive if enough factual content is alleged so that the Court can plausibly infer that "the termination of the proceedings [was] favorable to the party bringing a malicious prosecution claim," with favorable defined as "indicat[ing] that the accused may be innocent of the charges." *Ohnemus v. Thompson*, 594 F. App'x 864, 867 (6th Cir. 2014) (citing *Davidson v. Castner-Knott Dry Goods Co., Inc.*, 202 S.W.3d 597, 605–06 (Ky. Ct. App. 2006)). In this case, Karsner's complaint has failed to state that the proceedings against her have been terminated. In fact, in her response, she confirms that "the felony custodial interference charge has been separated [from another pending charge] and will be resolved at another date." [DN 14, at 7].

Karsner asks this Court to hold Tooley's motion in abeyance until Karsner's criminal case is resolved. However, until such time as the criminal case is resolved in her favor, she has no claim to assert. Therefore, Tooley's motion to dismiss as to the malicious prosecution claim is **GRANTED.**

### B. ABUSE OF PROCESS

Karsner's claim for abuse of process against Tooley arises from essentially the same conduct as that which formed the basis for her malicious prosecution claim. But "[w]hile the two torts of abuse of process and malicious prosecution often accompany one another, they are distinct causes of action." *Garcia v. Whitaker*, 400 S.W.3d 270, 277 (Ky. 2013) (citations omitted). In order to establish a cause of action for abuse of process, a plaintiff must demonstrate two elements: "1) an ulterior purpose and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Id.* at 276 (internal quotations omitted). Both are necessary elements, as "there is no liability where the defendant has done nothing more

than carry out the process to its authorized conclusion even though with bad intentions." *Cherry v. Howie*, --- F. Supp. 3d ---, 2016 WL 3094712, at *6 (W.D. Ky. June 1, 2016) (citing *Simpson v. Laytart*, 962 S.W.2d 392, 395 (Ky. 1998)).

      Karsner's complaint has failed to plead any facts as to an improper act committed by Tooley in the course of the proceeding. Karsner has alleged that Tooley obtained a custody order for their two children and, when the children allegedly ran away from Karsner's home, filed a criminal complaint against her for custodial interference. Even if these actions were done with "an incidental motive of spite or an ulterior purpose of benefit to the defendant," they will not amount to abuse of process unless the acts were somehow improper in the course of the proceeding. *Griffin v. Jones*, --- F. Supp. 3d ---, 2016 WL 1092879, at *10 (W.D. Ky. Mar. 21, 2016) (citing Restatement (Second) of Torts § 682 (1977)). For example, the Supreme Court of Kentucky found in *Garcia* that filing a criminal complaint against the plaintiff and then accompanying an officer to the plaintiff's home to reclaim property from the plaintiff while the plaintiff was under arrest would be an illegitimate use of the criminal process. *Garcia*, 400 S.W.3d at 273–74. Karsner has alleged nothing in her complaint beyond Tooley filing the criminal complaint in "retaliation for the refusal of his teenage daughters' refusal to return to his custody and their running away." [DN 1, at 10]. Without regard to whether that is a sufficient ulterior purpose, it is not sufficient to establish the required improper act for a claim of abuse of process.[2] Because the Complaint is devoid of factual content that would establish an improper act in the course of the proceeding, Karsner has failed to state a claim upon which relief can be granted. Therefore, Tooley's motion to dismiss as to the abuse of process claim is **GRANTED**.

---

[2] Karsner's complaint does allege that Tooley did go to Karsner's house on September 21 with officers in an attempt to enforce the custody order. However, this event took place before Tooley filed the criminal complaint against Karsner and thus cannot be considered an improper act in the course of the proceeding, as even if it was improper, it took place entirely before the proceeding at issue began. Further, Karsner argues that the only improper act was the filing of the criminal complaint itself.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

October 6, 2016

cc: counsel of record